IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SELVIN DE JESUS MAZARIEJOS VAZQUEZ, ARTURO DELGADO, JUAN DELGADO, OMAR DELGADO, and PEDRO GARCIA<br><br>Plaintiffs,<br><br>vs.<br><br>MINT LEAF, LLC,<br><br>Defendant. | Civil Action File No. _____ |

## COMPLAINT

Plaintiffs Selvin De Jesus Mazariejos Vazquez, Arturo Delgado, Juan Delgado, Omar Delgado, and Pedro Garcia file this Complaint against Mint Leaf, LLC for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorney's fees. Plaintiffs allege as follows:

## PARTIES

1. Plaintiff Selvin De Jesus Mazariejos Vazquez is a resident of Georgia in this judicial district and division.

2. Plaintiff Arturo Delgado is a resident of Georgia in this judicial district and division.

3. Plaintiff Juan Delgado is a resident of Georgia in this judicial district and division.

4. Plaintiff Omar Delgado is a resident of Georgia.

5. Plaintiff Pedro Garcia is a resident of Tennessee.

6. Mint Leaf, LLC ("Mint Leaf") is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 3375 Spring Hill Pkwy SE, Apt 824, Smyrna, GA, 30080.

7. Defendant's registered agent for service of process is United States Corporation Agents, Inc., 1420 Southlake Plaza Dr., Morrow, GA, 30260, USA.

## JURISDICTION AND VENUE

8. This court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## FACTS

10. The relevant time period is three (3) years prior to the filing of this complaint.

11. Mint Leaf owns and operates an Indian restaurant at 2350 Spring Rd

SE #800, Smyrna, GA 30080, where Plaintiffs worked and was denied earned wages and overtime.

12. Plaintiffs were non-exempt hourly workers for Mint Leaf during the relevant period.

13. At all times throughout the relevant period, Plaintiff Vazquez was employed as a kitchen helper.

14. At all times throughout the relevant period, Plaintiff Arturo Delgado was employed as a kitchen helper.

15. At all times throughout the relevant period, Plaintiff Juan Delgado was employed as a cook.

16. At all times throughout the relevant period, Plaintiff Omar Delgado was employed as a kitchen helper.

17. At all times throughout the relevant period, Plaintiff Pedro Garcia was employed as a kitchen helper.

18. At all times throughout the relevant period, Plaintiffs were paid a salary for all hours worked, including but not limited to all hours worked in excess of forty (40) hours per workweek.

19. From approximately June 1, 2016 through December 31, 2016, Plaintiff Vazquez was paid a salary of $1,200.00 every two weeks.

20. From approximately January 1, 2017 through June 15, 2015, Plaintiff Vazquez was paid a salary of $1,300.00 every two weeks.

21. From approximately March 1, 2016 through September 30, 2016, Plaintiff Arturo Delgado was paid a salary of $1,500.00 every two weeks.

22. From approximately March 15, 2015 through October 1, 2017, Plaintiff Juan Delgado was paid a salary of $1,900.00 every two weeks.

23. From approximately August 25, 2016 through August 24, 2017, Plaintiff Omar Delgado was paid a salary of $1,500.00 every two weeks.

24. From approximately June 1, 2017 through August 31, 2017, Plaintiff Omar Delgado was paid a salary of $1,600.00 every two weeks.

25. At all times throughout the relevant period, Plaintiff Garcia was paid a salary of $1,600.00 every two weeks in cash.

26. Mint Leaf willfully refused to pay Plaintiffs properly for overtime compensation as required by federal law.

27. Mint Leaf maintained records of hours that Plaintiffs worked.

28. At all times throughout the relevant period, Plaintiffs were "employees" of Mint Leaf and covered under the FLSA.

29. At all times during the relevant period, Mint Leaf was the "employer" of Plaintiffs under the FLSA.

30. At all times during the relevant period, Mint Leaf had multiple employees, including Plaintiffs, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

31. At all times during the relevant period, Mint Leaf was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

32. Plaintiffs repeat and reallege each paragraph above as though it were fully set forth at length herein.

33. At all times during the relevant period, Mint Leaf was Plaintiffs' employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. Each and every Plaintiff regularly worked in excess of forty (40) hours per work week during the relevant period of employment.

35. At all times during the relevant period, Mint Leaf employed Plaintiffs within the meaning of the FLSA.

36. At all times during the relevant period, Mint Leaf had a uniform

policy and practice of willfully refusing to pay Plaintiffs appropriate overtime compensation for all hours worked in excess of forty (40) hours per workweek.

37. As a result of Mint Leaf's willful failure to pay Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek, Mint Leaf violated the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

38. Mint Leaf's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39. Due to Mint Leaf's FLSA violations, Plaintiffs were damaged and is entitled to recover from Mint Leaf compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs demand a trial by jury and requests that this Court grant the following relief against Mint Leaf:

A. An award of unpaid compensation for overtime wages to Plaintiffs;

B. An award of all liquidated damages for unpaid overtime wages to Plaintiffs;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs; and

D.  Such other and further relief as this Court deems just and proper.

Respectfully submitted this November 17, 2017,

                                      **HALL & LAMPROS, LLP**

                                      /s/ *Gordon Van Remmen*
                                      Christopher B. Hall
                                      Ga. Bar #318380
                                      Gordon Van Remmen
                                      Ga. Bar #215512

1230 Peachtree St. NE
Suite 950
Atlanta, GA 30309
Tel.: (404) 876-8100
Fax: (404) 876-3477
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiffs*

Plaintiffs' counsel certifies that this complaint is in 14-point Times New Roman font.